1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

AZAT AMIRKHANOV,

11

Plaintiff,

12

v.

13

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

14

Defendant.

15

CASE NO. 2:15-cv-01541-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

16

17

Plaintiff Azat Amirkhanov filed this action, pursuant to 42 U.S.C. § 405(g), for judicial

18

review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB")

19

and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal

20

Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this

21

matter heard by the undersigned Magistrate Judge. *See* Dkt. 6.

22

After considering the record, the Court concludes the Administrative Law Judge

23

("ALJ") erred by failing to provide clear and convincing reasons supported by substantial

24

evidence for giving little weight to the opinion of examining psychologist Dr. Owen J.

1  Bargreen. Further, the ALJ failed to provide germane reasons supported by substantial

2  evidence for giving little weight to the opinion of Advanced Registered Nurse Practitioner

3  ("ARNP") Karen A. Rongren. Had the ALJ properly considered the opinions of Dr. Bargreen

4  and Ms. Rongren, the residual functional capacity ("RFC") may have included additional

5  limitations. The ALJ's error is therefore harmful, and this matter is reversed and remanded

6  pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further

7  proceedings consistent with this Order.

8  <u>FACTUAL AND PROCEDURAL HISTORY</u>

9  　　On April 9, 2012, Plaintiff filed applications for DIB and SSI benefits, alleging

10  disability as of November 1, 2010. *See* Dkt. 8, Administrative Record ("AR") 16. The

11  applications were denied upon initial administrative review and on reconsideration. AR 16. A

12  hearing was held before ALJ Ruperta M. Alexis on September 23, 2013. *See* AR 33-85. In a

13  decision dated January 27, 2014, the ALJ determined Plaintiff to be not disabled. *See* AR 16-

14  27. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council,

15  making the ALJ's decision the final decision of the Commissioner of Social Security

16  ("Commissioner"). *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

17  　　In Plaintiff's Opening Brief, Plaintiff maintains the ALJ committed harmful error by

18  failing to properly consider: (1) the opinion of Dr. Owen Bargreen; and (2) the opinion of

19  Plaintiff's treating nurse practitioner, Ms. Karen Rongren. Dkt. 17, pp. 1-2.

20  <u>STANDARD OF REVIEW</u>

21  　　Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

22  social security benefits if the ALJ's findings are based on legal error or not supported by

23

24

1  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1

2  (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

3  <u>DISCUSSION</u>

4  **I.     Whether the ALJ properly considered the medical opinion evidence of Dr.
         Owen Bargreen.**

5  Plaintiff contends the ALJ erred in giving little weight to the opinion of examining

6  psychologist Dr. Owen J. Bargreen, Psy.D. Dkt. 17, pp. 2-6.

7  The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

8  opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th

9  Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908

10  F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is

11  contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported

12  by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53

13  F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The

14  ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and

15  conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*

16  *v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751

17  (9th Cir. 1989)).

18  A.   <u>Dr. Bargreen's Findings</u>

19  Dr. Bargreen completed two psychological evaluations of Plaintiff. *See* AR 813-17,

20  835-38. During the first evaluation, on April 18, 2011, Dr. Bargreen interviewed and observed

21  Plaintiff and conducted a mental status examination ("MSE"). AR 813-17. Dr. Bargreen

22  observed the following symptoms: depression, interpersonal problems, and panic attacks. AR

23  814. During the MSE, Dr. Bargreen observed Plaintiff was normally dressed with moderate

24

body odor, oriented times three, tangential in thought, and generally explained himself

adequately. AR 816. Plaintiff was able to repeat four and six digits forwards and backwards,

but was not able to repeat five digits forwards and backwards. AR 816. Dr. Bargreen found

Plaintiff had a below average general knowledge compared to his peers because he knew the

capital of the United States, Thomas Jefferson, three United States presidents, and the makeup

of water, but did not know the capital of Holland, Cleopatra, or on what continent Boliva is

located. AR 816. Dr. Bargreen found Plaintiff had a below average vocabulary and mild

struggles with verbal expression. AR 816. He noted Plaintiff was able to define breakfast and

knew the word "reluctant," but did not know the words "ominous," "pragmatic," or "generate."

AR 816. Plaintiff was able to repeat simple commands and spell "world" forward and

backward; however, he failed serial sevens. AR 816. Dr. Bargreen also noted Plaintiff's ability

to combine abstract thinking with fluid intelligence was considerably below his peers, but

Plaintiff's social judgment appeared to be similar to his peers. AR 816.

Dr. Bargreen opined Plaintiff was mild to moderately impaired in his ability to

understand, remember, and persist in tasks following simple instructions and moderately

impaired in understanding, remembering, and persisting in following complex instructions,

learning new tasks, performing routine tasks without undue supervision, being aware of normal

hazards and taking appropriate precautions, communicating and performing effectively in a

work setting with public contact, and maintaining appropriate behavior in a work setting. AR

815-16. Dr. Bargreen also found Plaintiff markedly impaired in his ability to communicate and

perform effectively in a work setting with limited public contact. AR 816.

On January 5, 2012, Dr. Bargreen again evaluated Plaintiff. He interviewed and

observed Plaintiff and performed a second MSE. AR 835-38. Dr. Bargreen observed Plaintiff

1    exhibited the following symptoms: sadness, nervousness, lethargy, agitation, and anger issues.

2    AR 835. Compared to the April 2011 MSE, Dr. Bargreen recorded very similar results and

3    limitations during the January 2012 MSE. *See* AR 837-38. For example, Dr. Bargreen found

4    Plaintiff had considerably below average general knowledge ability, some marked struggles

5    with verbal expression, moderate struggles with his attention and concentration, and his ability

6    to combine abstract thinking with fluid intelligence was below his peers. AR 837-38. Unlike

7    the April 2011 MSE, during the January 2012 MSE, Dr. Bargreen found Plaintiff's social

8    judgment appeared to be below his peers. AR 838.

9         Dr. Bargreen opined Plaintiff "appears to have a below average cognitive ability and

10   memory ability. [He] has some moderate mental health problems which prevent him from

11   working at this time." AR 836. He also found Plaintiff is irritable and generally does not relate

12   well with others. AR 837. Dr. Bargreen opined Plaintiff was capable of volunteering or

13   working part-time. AR 836.

14        B.  ALJ's Findings

15        The ALJ found:

16            Little weight is assigned to the consultative DSHS opinions from
             Owen J. Bargreen, Psy.D., that the claimant's GAF score is 50
17            and that he has marked mental health limitations, as he (1) did not
             review any evidence of record and instead relied entirely on the
18            claimant's subjective report of symptoms; a problem, for as
             discussed above, the claimant is less than fully credible. (2) Dr.
19            Bargreen's opinions are also inconsistent with his own exam
             results as outlined above.
20
     AR 25 (internal citations omitted, numbering added).
21
22        First, the ALJ gave little weight to Dr. Bargreen's opinions because Dr. Bargreen did

23   not review any evidence of record but instead relied entirely on Plaintiff's subjective reports of

24   his symptoms. AR 25. An ALJ may reject a physician's opinion "if it is based 'to a large

1   extent' on a claimant's self-reports that have been properly discounted as incredible."

2   *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan v. Comm'r. Soc.*

3   *Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in

4   which the doctor provides his own observations in support of his assessments and opinions.

5   *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ

6   does not provide clear and convincing reasons for rejecting an examining physician's opinion

7   by questioning the credibility of the patient's complaints where the doctor does not discredit

8   those complaints and supports his ultimate opinion with his own observations"); *see also*

9   *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). "[W]hen an opinion is not more

10  heavily based on a patient's self-reports than on clinical observations, there is no evidentiary

11  basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (*citing*

12  *Ryan*, 528 F.3d at 1199-1200).

13      In reaching his opinions, Dr. Bargreen relied on his own observations, documented

14  results of the MSEs, and Plaintiff's subjective complaints and reported mental health history.

15  AR 813-17, 835-38. Dr. Bargreen did not discredit Plaintiff's subjective reports, and supported

16  his ultimate opinions with the mental examinations and his own observations. *See* AR 813-17,

17  835-38.

18      When finding Dr. Bargreen relied entirely on Plaintiff's subjective reports, the ALJ

19  noted Dr. Bargreen did not review any evidence of record. AR 25. However, the ALJ failed to

20  explain why this fact discredits Dr. Bargreen's opinions. *See* AR 25. Defendant maintains,

21  citing *Bayliss*, an "ALJ may reject an examining physician's opinion when the physician fails

22  to review a claimant's records." Dkt. 22, p. 3; *Bayliss*, 427 F.3d at 1217.  In *Bayliss*, the Ninth

23  Circuit affirmed the ALJ's decision to give less weight to the examining physician because the

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

1  physician did not review objective medical data or reports from treating physicians, but based

2  his opinion entirely on the claimant's complaints and information submitted by family, friends,

3  and a former counselor. 437 F.3d at 1217. Unlike *Bayliss*, Dr. Bargreen relied on his own

4  observations, results from the MSEs he administered, and Plaintiff's reported mental health

5  history and subjective complaints. Defendant cites, and the Court finds, no authority holding

6  an examining physician's failure to supplement his own examination and observations with

7  additional records is a specific and legitimate reason to give less weight to the opinion.

8      As Dr. Bargreen based his opinion of Plaintiff's limitations on a combination of

9  personal observations, mental examinations, and Plaintiff's mental health history and

10  subjective reports, the Court concludes the ALJ's finding that Dr. Bargreen relied entirely on

11  Plaintiff's subjective report of symptoms in forming his opinions is not specific and legitimate

12  reason supported by substantial evidence.

13      Second, the ALJ gave little weight to Dr. Bargreen's opinions because the opinions are

14  inconsistent with his own exam results. Discrepancies between a doctor's functional

15  assessment and his clinical notes, recorded observations, and other comments regarding a

16  claimant's capabilities "is a clear and convincing reason for not relying" on the assessment.

17  *Bayliss*, 427 F.3d at 1216; *see also Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989).

18  However, "an ALJ errs when he rejects a medical opinion or assigns it little weight while

19  doing nothing more than ignoring it, asserting without explanation that another medical

20  opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a

21  substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir.

22  2014) (*citing Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.1996)).

23

24

1    Here, the ALJ failed to identify the specific evidence contained within Dr. Bargreen's

2  exam results which contradict his opinions. AR 25. Rather, the ALJ provided only a

3  conclusory statement finding the exam results were inconsistent with the limitations opined by

4  Dr. Bargreen. *See* AR 25. Without more, the ALJ has failed to meet the level of specificity

5  required to reject a physician's opinion. Therefore, the ALJ's conclusory statement finding Dr.

6  Bargreen's opinions are "inconsistent with his own exam results" is insufficient to reject the

7  opinion. *See Embry v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (conclusory reasons do

8  "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion);

9  *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's

10  opinion on the ground that it was contrary to clinical findings in the record was "broad and

11  vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

12    The ALJ stated Dr. Bargreen's opinions were not supported by his exam results as

13  outlined earlier in her decision. AR 25. Even if this statement was sufficiently specific, the

14  Court finds error because the ALJ only discussed the MSE results which supported finding

15  Plaintiff "not entirely credible." *See* AR 23. For example, the ALJ stated Plaintiff was oriented

16  times three, was able to memorize three simple objects, and repeated four and six digits

17  forwards and backwards. AR 23. She did not discuss Dr. Bargreen's finding that Plaintiff could

18  not repeat five digits forwards and backwards. *See* AR 23, 816, 837. The ALJ also noted

19  Plaintiff could correctly identify the United States capital, name three United States presidents,

20  define the word "breakfast, and recognize the word "curious." AR 23. She did not discuss the

21  MSE results showing Plaintiff did not know Benjamin Franklin, Cleopatra, and Napoleon

22  Bonaparte; the capital of Holland; the words "ominous," "pragmatic," "generate," "acute,"

23

24

1  "ruminate," or "palliate;" and could not identify the continent on which Boliva is located. *See*

2  AR 23, 816, 838.[1]

3        The ALJ failed to discuss any exam results showing Plaintiff had limitations.

4  Accordingly, the Court concludes, even if the ALJ's statement referencing the exam results

5  discussed earlier in her opinion was sufficiently specific to reject Dr. Bargreen's opinions, the

6  finding is not supported by substantial evidence. *See Nguyen*, 100 F.3d at 1465 ("where the

7  purported existence of an inconsistency is squarely contradicted by the record, it may not serve

8  as the basis for the rejection of an examining physician's conclusion").

9        The Court also notes the ALJ failed to discuss all of Dr. Bargreen's opinions. The ALJ

10  "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393,

11  1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence'

12  without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent*,

13  739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such]

14  evidence." *Flores*, 49 F.3d at 571. Here, the ALJ did not discuss in detail Dr. Bargreen's

15  opinions. *See* AR 25. She only broadly identified two portions of Dr. Bargreen's opinions: (1)

16  Global Assessment of Functioning ("GAF") scores; and (2) Plaintiff's marked mental health

17  limitations. AR 25. Dr. Bargreen opined Plaintiff had several functional limitations which

18  impacted his ability to perform full-time work. *See* AR 813-17, 835-38. For example, Dr.

19  Bargreen found Plaintiff had several moderate impairments and one marked impairment. *See*

20  AR 815-16. He also opined Plaintiff would be unable to work full-time. AR 836. The ALJ

21  failed to discuss this significant, probative evidence, which is error.

22  _____

23      [1] There are additional exam results showing Plaintiff had limitations which were not discussed by the ALJ. The Court has provided a portion of the results to illustrate the ALJ only discussed the findings within the MSEs

24  which supported finding Plaintiff not entirely credible.

For the reasons discussed above, the Court concludes the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for giving little weight to Dr. Bargreen's opinions. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ properly considered the opinions of Dr. Bargreen, she may have included additional limitations in the RFC and in the hypothetical questions posed to the vocational expert, Mark A. Harrington. For example, Dr. Bargreen opined Plaintiff is only able to work part-time because of his mental impairments. AR 836. He also found Plaintiff will not do well with tasks when he is not under careful supervision. AR 816. If Dr. Bargreen's opinions were given great weight, the ALJ may have found Plaintiff unable to work full-time or may have found Plaintiff needed to have close interaction with supervisors. Instead, the ALJ found Plaintiff was able to perform sedentary work with limitations, including only occasional interaction with supervisors. AR 22. As the ultimate disability determination may have changed, the ALJ's error is not harmless.

**II.     Whether the ALJ properly weighed the medical opinion of Karen A. Rongren, ARNP.**

Plaintiff maintains the ALJ erred when she gave little weight to the opinion of Karen A. Rongren, ARNP. Dkt. 17, pp. 6-10.

Pursuant to the relevant federal regulations, medical opinions from "other medical sources," such as nurse practitioners, therapists and chiropractors, must be considered. *See* 20 C.F.R. § 404.1513 (d); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); SSR 06-3p, 2006 WL 2329939. "Other medical source" testimony "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner*, 613 F.3d at 1224. "Further, the reasons "germane to each witness" must be specific." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009); *see Stout*, 454 F.3d at 1054 (explaining "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony").

Ms. Rongren, Plaintiff's treating nurse practitioner, submitted a letter stating Plaintiff is being treated for a lumbar disc herniation, a right shoulder rotator cuff injury, uncontrolled insulin dependent type II diabetes, and chronic, severe anxiety. AR 1089. Ms. Rongren opined Plaintiff needs help pulling a shirt over his head when he dresses, moving or lifting things such as cookware, boxes, or books, and ascending and descending stairs. AR 1089.

In regard to Ms. Rongren's opinion, the ALJ stated:

> although some weight is given to the opinion from Karen A. Rongren, ARNP, that the claimant has both mental and physical limitations, little weight is given to portions of it such as her statement that he has, "lumbar disc herniation which causes chronic pains and will require surgery soon," and "chronic severe anxiety," because this is ([1]) not supported by the objective

evidence or his daily activities, and ([2]) . . . she is not an acceptable medical source.

AR 25 (internal citations omitted, numbering added).

First, the ALJ found Ms. Rongren's opinion was entitled to less weight because it was not supported by objective evidence or Plaintiff's daily activities. AR 25. While the Court finds these two reasons may be germane,[2] the ALJ's reasoning is not sufficiently specific. "The ALJ must provide an explanation for his determination." *McCann v. Colvin*, 111 F.Supp.3d 1166, 1175 (W.D. Wash. 2015) (*citing Van Nguyen*, 100 F.3d at 1467); *see also Embrey*, 849 F.2d at 421-22 (conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion). The ALJ has provided only a conclusory statement, and does not explain which pieces of objective evidence or daily activities fail to support Ms. Rongren's opinion. Further, the ALJ does not clarify which portions of Ms. Rongren's opinion she finds to be unsupported by the evidence and Plaintiff's daily activities.

As the ALJ failed to provide any explanation regarding her findings, the Court cannot determine if she has provided specific, germane reasons supported by substantial evidence for giving little weight to Ms. Rongren's opinion. *See McCann*, 111 F.Supp.3d at 1175 (finding the ALJ failed to provide specific, germane reasons for discounting a nurse practitioner when

---

[2] An ALJ may discredit lay testimony if it conflicts with medical evidence; however, an opinion cannot be rejected as unsupported by the medical evidence. *See Lewis*, 236 F.3d at 511 (an ALJ may discount lay testimony that "conflicts with medical evidence"); *Bruce*, 557 F.3d at 1116; *see also Wobbe v. Colvin*, 2013 WL 4026820, *8, n. 4 (D. Or. Aug. 6, 2013), *aff'd*, 589 Fed. App'x 384 (9th Cir. 2015) (noting *Bruce* "stands for the proposition that an ALJ cannot discount lay testimony regarding a claimant's symptoms solely because it is *unsupported* by the medical evidence in the record; it does *not* hold *inconsistency* with the medical evidence is not a germane reason to reject lay testimony" (emphasis in original)). An ALJ may also reject lay witness evidence if other evidence in the record regarding the claimant's activities is inconsistent with the lay witness's opinion. *See Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (ALJ's rejection of lay witness evidence because it was inconsistent with claimant's successful completion of continuous full-time coursework constituted reason germane to the lay witness). Here, the ALJ discredited Ms. Rongren's opinion because it was not supported by objective evidence, not because it was inconsistent with the record. As such, this is likely not a germane reason. However, inconsistencies with daily activities may be a germane reason for giving little weight to Ms. Rongren's opinion.

the ALJ provide no explanation for finding the opinion was inconsistent with the overall medical record, the claimant's daily activities, and his work history); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."); *Gilbert v. Colvin*, 2015 WL 4039338, * 5 (W.D. Wash. July 2, 2015) (finding the ALJ did not provide a sufficiently specific reason to discredit a claimant's parents when the ALJ did not give "any idea as to what in the medical evidence was inconsistent" with the opinion and concluding the ALJ's finding was further suspect because the ALJ relied on medical evidence he improperly considered).

Second, the ALJ gave little weight to Ms. Rongren's opinion because Ms. Rongren is not an acceptable medical source. A medical opinion from an "acceptable medical source" is a factor "that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source';" however, "after applying the factors for weighing opinion evidence, an opinion from a medial source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,' including the medical opinion of a treating source." *See* Social Security Ruling ("SSR") 06-03P, 2006 WL 2329939. As such, an ALJ may not reject an opinion from a nurse practitioner merely because she is not an "acceptable medical source," as the ALJ did in this case. *See* AR 25; *Lewis*, 236 F.3d at 511 ("Other medical source" testimony "is competent evidence that an ALJ must take into account"). The Court therefore finds ALJ's second reason for giving little weight to Ms. Rongren's opinion is not germane.

For the above stated reasons, the Court finds the ALJ erred by failing to provide specific, germane reasons supported by substantial evidence for giving little weight to Ms.

1  Rongren's opinion. As Ms. Rongren found Plaintiff was more severely limited than the

2  limitations contained in the RFC, the ultimate disability decision may have changed if her

3  opinion was given great weight. *See Molina*, 674 F.3d at 1115-17. Therefore, the error is not

4  harmless and requires remand.

5                                    CONCLUSION

6          Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

7  Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

8  this matter is remanded for further administrative proceedings consistent with this Order.

9          Dated this 18th day of April, 2016.

10

11                                    David W. Christel

12                                    United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24